[Cite as *Wantage v. Ohio Dev. Servs. Agency*, 2016-Ohio-5224.]

| | |
|---|---|
| MARK WANTAGE | Case No. 2013-00616 |
| Plaintiff | Judge Patrick M. McGrath<br>Magistrate Holly True Shaver |
| v. | |
| | <u>JUDGMENT ENTRY</u> |
| OHIO DEVELOPMENT SERVICES<br>AGENCY | |
| Defendant | |

{¶1} On March 31, 2016, the magistrate issued a decision recommending judgment in favor of defendant. Civ.R. 53(D)(3)(b)(i) states, in part: "A party may file written objections to a magistrate's decision within fourteen days of the filing of the decision, whether or not the court has adopted the decision during that fourteen-day period as permitted by Civ.R. 53(D)(4)(e)(i)." On April 14, 2016, plaintiff Mark Wantage (Wantage) filed objections to the magistrate's decision. On April 22, 2016, defendant Ohio Development Services Agency (ODSA) filed a response to plaintiff's objections.[1] In its response, ODSA argues that plaintiff's objections do not comply with Civ.R. 53(D)(3)(b), are unsupported by the record, and present no material errors of law.

{¶2} Plaintiff, previously an employee at ODSA's Office of Energy Efficiency and Renewable Energy, brought this action alleging a violation of the Family and Medical Leave Act (FMLA), retaliation in violation of R.C. 4112, and wrongful termination in violation of public policy. However, the court granted defendant's motion for summary

---

[1]The court notes that ODSA's response was 18 pages, exceeding the court's page limitation. L.C.C.R. 4(E), states as follows: "Supporting, opposing, or memorandum briefs shall not exceed fifteen pages in length, exclusive of attachments. Reply briefs shall not exceed seven pages in length, exclusive of attachments. Applications for leave to file a long brief shall be by motion that sets forth the unusual and extraordinary circumstances which necessitate the filing of a long brief." ODSA did not file for leave to file a long brief, and while the court was not required to review defendant's response, it did so in the evaluation of plaintiff's objections. The court advises defendant to be aware of the page limitations in future filings.

judgment as to plaintiff's FMLA claim.  Plaintiff began his employment on May 7, 2012, and was terminated on April 19, 2013.  He was an employee at-will and his duties included supervising the project managers in his section, who were members of a collective bargaining unit.  While plaintiff argued that he was terminated for a variety of unlawful reasons, the magistrate concluded that plaintiff failed to prove any of his claims by a preponderance of the evidence.

{¶3} A review of plaintiff's objections reveals that they do not satisfy the requirements of Civ.R. 53(D)(3)(b)(ii), which states as follows: "*(ii) Specificity of objection.*  An objection to a magistrate's decision shall be specific and state with particularity all grounds for objection."  In *State ex rel Weimer v. Zayre Cent. Corp.* the Tenth District Court of Appeals concluded that a party's objection did not comply with the Ohio Civil Rules where it merely paraphrased arguments in briefs submitted previously and failed to even make specific reference to the magistrate's decision.  10th Dist. No. 02AP-182, 2002-Ohio-6737, ¶ 6.  Further, the Tenth District noted that where a party merely states that he objects to the magistrate's decision based on the reasons contained in the attached brief, he does not comply with the specificity and particularity requirements.  *Id.* at ¶ 7.  Plaintiff's objections here only refer to the magistrate's decision twice, and they are not specific and do not state with particularity all grounds for objection.  As such, the court finds that plaintiff's objections fall short of the specificity requirement.  Furthermore, even if the court does consider the objections to be specific and minimally satisfy Civ.R. 53(E)(3)(b), the court finds no error in the magistrate's decision and recommendation.

{¶4} First, plaintiff failed to support his objections with a transcript of the proceedings.  When ruling on objections to a magistrate's decision, a "court shall undertake an independent review as to the objected matters to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law."  Civ.R. 53(D)(4)(d).  Additionally, when a party objects to a magistrate's factual

findings, "whether or not specifically designated as a finding of fact * * * [it] shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available." Civ.R. 53(D)(3)(b)(iii). "If an objecting party fails to submit a transcript or affidavit, the trial court must accept the magistrate's factual findings and limit its review to the magistrate's legal conclusions." *Triplett v. Warren Corr. Inst.*, 10th Dist. Franklin No. 12AP-728, 2013-Ohio-2743, ¶ 13. Accordingly, the court accepts the magistrate's factual findings and any objections related to factual findings are without merit.

{¶5} Second, to the extent plaintiff challenges the magistrate's conclusions of law, the court's review of the magistrate's decision reveals that the facts found by the magistrate are sufficient to sustain the magistrate's conclusions, and that the magistrate's conclusions are consistent with law.[2] Plaintiff argues that during his employment with defendant, he was forced to deal with two instances in which he was asked to support unlawful conduct on the part of his superiors, and plaintiff's unwillingness to comply resulted in his discharge in violation of public policy. Specifically, these two instances were disciplining Anunike, a project manager under plaintiff's supervision, and opposing sign-off of the Quasar Energy payments.

{¶6} In order to establish a claim for wrongful termination in violation of public policy, plaintiff must prove: 1) a clear public policy manifested in a statute, regulation, or the common law (the clarity element); 2) that discharging an employee under circumstances like those involved would jeopardize the policy (the jeopardy element); 3) that the discharge at issue was motivated by conduct related to the policy (the causation element); and 4) that there was no overriding business justification for the discharge (the overriding justification element). *Kulch v. Structural Fibers, Inc.,* 78 Ohio St. 3d

---

[2]Plaintiff concedes on page 5 of his objections that "[t]he Magistrate correctly concluded that the anti-retaliation provisions of Chapter 4112 did not cover Wantage's refusal to act against Anunike, due to Wantage's lack of knowledge of Anunike's history of having filed a Charge of Discrimination and union grievance victory prior to his removal." Thus, plaintiff appears to make no objections to the magistrate's decision with regard to his R.C. 4112 claim.

134, 151, 1997-Ohio-219.  The clarity and jeopardy elements are questions of law, while causation and overriding justification elements are questions of fact.[3]  *Collins v. Rizkana,* 73 Ohio St.3d 65, 70, 1995-Ohio-135.

**Clarity**

{¶7} Plaintiff argues that his supervisors "wanted Wantage to act as a 'cat's paw' to retaliate against Anunike for his past successes in the union grievance procedure, a public policy also embodied in R.C. 4117.03(A), and Anunike's past filing of a Charge of Discrimination with the Ohio Civil Rights Commission, a public policy explained in R.C. Chapter 4112."  The magistrate concluded with regard to the "cat's paw" theory that "it is clear that Smith and O'Keeffe were higher up in the chain of command than plaintiff was, and as such, plaintiff would not have been the decision-maker with regard to any adverse employment action against Anunike.  Therefore, the magistrate finds that the cat's paw theory does not apply in this case, but, that, even if it did, plaintiff has failed to prove that any discriminatory animus that Smith and O'Keeffe held toward Anunike was the but-for cause of plaintiff's discharge."  (Mag. Decision, Pg. 15.)

{¶8} It appears in his objections that plaintiff is trying to apply the "cat's paw" theory to the clarity element.  The court agrees with the magistrate's conclusion that the "cat's paw" theory does not apply in this case, as plaintiff was not a decision-maker with regard to any adverse employment action against Anunike.  Plaintiff also argues that his refusal to sign-off on improper payments to Quasar Energy also qualifies as a clear public policy.  The magistrate determined that "[t]he evidence presented shows that all of defendant's employees were concerned with Quasar, that plaintiff was never asked to sign off on any Quasar documents, and that when plaintiff's subordinates refused to sign off on Quasar documents, they were not disciplined."  (Mag. Decision, Pg. 14.)

---

[3]As plaintiff failed to file a transcript, the court did not evaluate any objections related to the causation and overriding justification elements.  The court accepts the magistrate's findings of fact and conclusions related to these elements.

The court agrees with the magistrate's conclusion that plaintiff was not required to sign-off on any Quasar documents, and thus his refusal to do so does not establish the clarity element. As such, any objections related to the clarity element are OVERRULED.

**<u>Jeopardy</u>**

{¶9} Plaintiff argues that "[t]he Magistrate wrongly stated the concept set forth in *Wiles* regarding there being no need for a public policy tort if a sufficient generalized (i.e. not aggrieved employee specific) remedy is available to vindicate *society's* aims." Plaintiff's objection does not differ from the law cited by the magistrate. The magistrate correctly recognized the right of redress for an individual employee. (Mag. Decision, Pg. 13.) Plaintiff also references the Quasar payments again in his discussion on jeopardy, and as discussed above, plaintiff was never asked to sign off on these payments nor were any of his subordinates disciplined for their concerns about the Quasar payments. Plaintiff's objections with regard to the jeopardy element are not well-taken and are OVERRULED.

{¶10} Upon review of the record, the magistrate's decision and the objections, the court finds that the magistrate has properly determined the factual issues and appropriately applied the law. Therefore, the objections are OVERRULED and the court adopts the magistrate's decision and recommendation as its own, including findings of fact and conclusions of law contained therein. Judgment is rendered in favor of defendant. Court costs are assessed against plaintiff. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

 

_____
PATRICK M. MCGRATH
Judge

cc:

Gary A. Reeve
P.O. Box 7866
Columbus, Ohio 43207

Velda K. Hofacker
Assistant Attorney General
150 East Gay Street, 18th Floor
Columbus, Ohio 43215-3130

**Filed June 1, 2016**
**Sent to S.C. Reporter 8/3/16**